UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X  Case No. 21-cv-609
JANE DOE,

                              Plaintiff,

      - against -                              [~~PROPOSED~~]
                                                        **CONFIDENTIALITY**
POLISE CONSULTING ENGINEERS, D.P.C.,  **STIPULATION AND**
and JAKE BURNS, Individually                  **PROTECTIVE ORDER**

                              Defendants.
------------------------------------------------------------X

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall govern the exchange of confidential information in this matter:

1. Counsel for any party may designate any document, transcript, or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The Parties to this action, their insurers, and counsel to their insurers;

    b. Auditors or accountants for any Party;

{Client/086537/2/02422746.DOCX:1 }


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/13/2021

c. Counsel retained specifically for this action, including any in-house and outside counsel, and any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

d. Outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

e. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

f. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

g. Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an agreement in the form annexed as Exhibit A hereto;

h. Any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an agreement in the form annexed as Exhibit A hereto;

i. Court reporters engaged to transcribe depositions the Parties conduct in this action; and

j. The Court (including the clerk, court reporter or stenographer, or other person having access to Confidential Information by virtue of his or her position with the Court).

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." Documents designated as "For Attorneys' or Experts' Eyes Only" shall not be disclosed to any person except:

    a. In-house and outside attorneys for the Parties to this action;

    b. Authorized secretarial and legal assistant staff to any such attorneys; and

    c. Outside experts retained or consulted with by the Parties or their attorneys for purposes of this litigation.

5. A party or its counsel may designate deposition exhibits or portions of deposition transcripts as "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" either by indicating on the record during the deposition that a question calls for confidential information, and notifying the reporter and all counsel of record, in writing, within thirty (30) days after receiving a copy of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" upon which all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the party or that person's counsel. During the thirty (30) day period, all Parties will treat the entire deposition transcript as if it had been designated "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only."

6. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her/them for any purpose other than litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

Said counsel must retain each signed agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. In the event that such person refuses to sign an agreement in the form attached as Exhibit A hereto, the Party desiring to disclose the Confidential information may seek appropriate relief from the Court.

7. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. A Party shall not be obligated to challenge the propriety of a designation of "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any Party to this litigation disagrees at any stage of these proceedings with the designation of "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only", the Parties shall try first to dispose of such dispute in good faith on an informal basis. If any party receiving material marked "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only" objects, to the producing party, in writing to the designation thereof, the producing party may request a ruling from the court to maintain said material as Confidential. If the producing party does not make such a request within seven business (7) days of the receipt of the other party's written objection, then the issue will be deemed waived by the producing party and said material will not be deemed "CONFIDENTIAL" or "For Attorneys' or Experts' Eyes Only". The parties will maintain said material as Confidential in accordance with this stipulation pending a determination by the court on the producing party's request. The

Party opposing such designation shall not object to the designating Party filing the information at issue with the Court under seal in order for the Court to resolve the matter.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection, as the parties hereby expressly agree that the production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, and that this provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence ("FRE") 502(d); or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of the litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

12. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential material is produced or disclosed. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Doe v. Polise Consulting Engineers, D.P.C., et al.*, No. 21-cv-609 have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any such information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____

Signed in the presence of:

_____

(Attorney)

{Client/086537/2/02422746.DOCX:1 }

13. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

14. Pursuant to the Court's Individual Rules, the parties agree to incorporate the "Addendum" set forth below, in this Confidentiality Stipulation and Protective Order.

Dated: July ___, 2021

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

By: _____
Marjorie Mesidor
Joseph Myers
*Attorneys for Plaintiff*
585 Stewart Avenue, Suite 410
Garden City, New York 11530
(212) 248-7431

TARTER KRINSKY & DROGIN LLP

By: _____
Richard L. Steer
Tara Toevs Carolan
William F. Schmedlin
*Attorneys for Defendant Jake Burns*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000

So Ordered:

_____

7-13-2021

LAROCCA HORNIK ROSEN & GREENBERG LLP

*Jared E. Blumetti*
By: _____
Patrick McPartland
Jared E. Blumetti
*Attorneys for Defendant Polise Consulting Engineers, D.P.C.*
40 Wall Street, 32nd Floor
New York, New York 10005
(212) 530-4837

## ADDENDUM

## THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so-ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by the parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.