UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



JANE DOE,

                      Plaintiff,

-against-

POLISE CONSULTING ENGINEERS, D.P.C, and
JAKE BURNS, Individually,

                     Defendants.

No. 21 Civ. 609 (CM)

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY JARED BLUMETTI, AS COUNSEL FOR DEFENDANT POLISE CONSULTING ENGINEERS, D.P.C.

McMahon, J.:

Before the Court is an opposed motion by Plaintiff to disqualify Jared Blumetti as counsel for Defendant Polise Consulting Engineers, LLC ("PCE"). Plaintiff's motion to disqualify is DENIED.

## BACKGROUND

### I. Factual Background

In the action underlying this motion to disqualify counsel, Plaintiff brings federal and state sex and gender discrimination claims against her former employee, PCE, and against Jake Burns, Plaintiff's former supervisor at PCE (PCE and Burns, "Defendants"). *See* Plaintiff's Complaint ("Compl."), Docket #1. The Court granted Plaintiff's motion for leave to proceed under the pseudonym "Jane Doe." (*See* Docket #11.) The facts relevant to Plaintiff's motion to disqualify are as follows.

Plaintiff is a woman who began working at PCE in April 2019 as an entry-level mechanical engineer. She alleges that PCE promotes a drinking culture among its employees and frequently hosts after-work gatherings at bars. (Compl. ¶ 18.) As one of only three female engineers at PCE, Plaintiff often felt pressured to "keep up" with her male coworkers at PCE events that involved drinking. (Compl. ¶ 19.) When Plaintiff's supervisors offered her and her female employees drinks at these outings, she felt pressure to accept. (Compl. ¶ 21.) Plaintiff's direct supervisor Jake Burns frequently bought her drinks at PCE social gatherings.

The allegations come to a head after a September 12, 2019, PCE event. Plaintiff, Burns, and certain other coworkers went to an after party of sorts at a second bar, where Plaintiff was "plied" with alcohol, causing her to "black out." (Compl. ¶ 28.) Plaintiff alleges that, on information and belief, she was drugged that night and therefore has a very limited memory of the events that followed. Plaintiff recalls that she shared a car home with Burns and ended up at Burns's apartment. She "temporarily regained consciousness" and woke up to Burns touching her breasts and genitals. (Compl. ¶ 31.) The next day, Burns confirmed that he and Plaintiff engaged in sexual activity, but he denies that anything happened without Plaintiff's consent. (Compl. ¶ 32; Burns Answer to Compl. (Dkt. No. 32), ¶ 33.) Plaintiff returned to work on September 16, 2019, and spoke to co-workers who were present at the bars on the night of the assault in an effort to piece together the events of that night. (Compl. ¶ 41.)

Plaintiff sought mental health counseling to cope with the assault, but did not formally report the occurrence to PCE, fearing the negative consequences of making a report to such a male-dominated company as PCE. (Compl. ¶¶ 39, 42.) Plaintiff alleges that, in the months that followed the sexual assault, Burns took actions to undermine Plaintiff's progress and performance at PCE, including but not limited to overloading Plaintiff with additional work. (Compl. ¶ 44.) On March

20, 2020, PCE terminated Plaintiff's employment for "financial reasons," despite that a more junior, and higher-paid, male colleague remained employed by PCE. (Compl. ¶¶ 45-6.)

Five days after Plaintiff was terminated, she reported the sexual assault by filing a formal sexual harassment claim with PCE. (Compl. ¶ 47.) PCE retained Jared Blumetti of LaRocca Hornik Rosen & Greenberg LLP, to conduct an internal investigation of the alleged sexual assault. (Decl. of Jared E. Blumetti in Opp. of Mot. (Dkt. No. 45) at 3.) Blumetti interviewed Plaintiff over the phone on April 13, 2020, and informed Plaintiff that she was the last person that he needed to interview. (Compl. ¶¶ 48-9.) On May 1, 2020, Blumetti informed Plaintiff that the investigation had concluded, and that Burns had been terminated. Plaintiff alleges that she asked Blumetti for a report of his investigation, and that he replied that there was no such report. (Compl. ¶ 52.)

Plaintiff brings the underlying three-count action for sex discrimination under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and under the New York State Human Rights Law, New York State Executive Law, § 296 et seq. ("NYSHRL"); and for gender discrimination under the New York City Human Rights Law, New York City Administrative Code § 8-107 et seq. ("NYCHRL").

## II. Plaintiff's Motion to Disqualify PCE's Counsel

Currently before the Court is Plaintiff's motion to disqualify Blumetti as Defendant PCE's counsel. Plaintiff asserts that Blumetti is a "necessary witness" as to whether PCE exercised reasonable care to promptly correct any harassing behavior in the workplace and, therefore, Blumetti must be disqualified pursuant to the advocate-witness rule. (Plaintiff's Memorandum of Law in Support of Motion to Disqualify ("Mot.") (Dkt. No. 40) at 2-4.)

Defendant PCE opposes the motion, arguing that Blumetti is not a necessary witness, and that Plaintiff fails to show how Blumetti's testimony would be prejudicial to PCE. (Defendant's

Memorandum of Law in Opposition to Plaintiff's Motion ("Opp.") (Dkt. No. 46) at 1.) PCE further argues that Plaintiff's motion to disqualify is nothing more than a litigation tactic considering that Blumetti has handled every aspect of the case on behalf of PCE since January 22, 2021, yet Plaintiff did not move to disqualify until July 30, 2021. (Opp. at 9-10.)

## DISCUSSION

Trial courts may use their power to disqualify counsel "where necessary to preserve the integrity of the adversary process in actions before them." *Board of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir.1979). But disqualification impinges on a party's right to select counsel of its choosing and is therefore considered a drastic measure." *Capponi v. Murphy*, 772 F. Supp. 2d 457, 471 (S.D.N.Y. 2009). Motions to disqualify are disfavored in this Circuit because they are often tactically motivated and result in unnecessary delay. *Medical Diagnostic Imaging, PLLC v. Carecore Nat'l, LLC*, 542 F.Supp.2d 296, 306 (S.D.N.Y.2008). The Court must be vigilant to ensure that such motions not be abused or misused. Accordingly, the Court of Appeals for the Second Circuit demands a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel. *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir.1983).

As an initial matter, Defendant PCE is incorrect that Plaintiff's motion to disqualify Blumetti at this stage is "decidedly premature" because the case may never proceed to trial. (Opp. at 10, n.5.) The Court favors disqualification in the early stages of the litigation – it gives litigants ample time to find new counsel before trial and mitigates any prejudice of having to change counsel. *Giuffre v. Dershowitz*, 410 F. Supp. 3d 564, 581 (S.D.N.Y. 2019); *Gleason v. Zocco*, 941 F. Supp. 32, 36 (S.D.N.Y. 1996). It would be plainly illogical to allow "an attorney to represent a "plaintiff during the pre-trial aspect of [a] litigation when it is clear that he may be a material witness at trial, and it is clear that he could be required to testify." *Fulfree v. Manchester*, 945 F.

Supp. 768, 772 (S.D.N.Y. 1996). Plaintiff's motion to disqualify is certainly not "decidedly" premature.

## I. The advocate-witness rule

Plaintiff asks the Court to disqualify Blumetti as PCE's counsel pursuant to the "advocate-witness rule" set forth in Rule 3.7 of the New York Rules of Professional Conduct. (Mot. at 3-4.) Rule 3.7(a) provides that, with certain exceptions, "A lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is *likely to be* a witness on a significant issue of fact." N.Y. R. Prof 1 Conduct 3.7(a) (emphasis added). I note that only Second Circuit precedent about the scope of the advocate-witness rule, and not the Rules of Professional Conduct, is binding on this Court. *E.g.*, *Lankier Siffert & Wohl, LLP v. Rossi*, 287 F.Supp.2d 398, 403 (S.D.N.Y.2003), *aff'd mem.*, 125 Fed. App'x 371 (2d Cir.2005).

The parties agree that to invoke the advocate-witness rule, Plaintiff has the burden of demonstrating that Blumetti's testimony is necessary. The parties disagree about whether Plaintiff must also demonstrate that Blumetti's testimony is substantially likely to be prejudicial to his client, PCE.

Plaintiff correctly notes that, with respect to the advocate-witness rule, the Second Circuit recognizes a distinction "between an attorney who will be called on behalf of his client and an attorney who will be called as a witness other than on behalf of his client." *Giuffre v. Dershowitz*, 410 F. Supp. 3d 564, 578 (S.D.N.Y. 2019). Where a lawyer would be called to testify on behalf of a party other than his own client, disqualification is warranted if the lawyer's testimony is both (i) necessary to the movant's case, and (ii) substantially likely to be prejudicial to the advocate-witness's client. *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 420–21 (S.D.N.Y. 2015); *Capponi v. Murphy*, 772 F. Supp. 2d 457, 472 (S.D.N.Y. 2009).

Plaintiff concedes that she has made no effort to demonstrate that Blumetti's testimony is "substantially likely to be prejudicial" to PCE. That is because she apparently does not intend to call Blumetti. (Reply at 4.) Rather, it is her position that Defendant PCE will be required to call Blumetti to testify about the scope of the investigation he conducted, because that is the only way that PCE can prove that it "exercised reasonable care to prevent and promptly correct any harassing behavior," as asserted in its Answer. That being the case, Plaintiff argues that she need not establish prejudice, relying on *Lamborn v. Dittmer*, 873 F.2d 522, 531 (2d Cir. 1989), in which the Court of Appeals held that a showing of prejudice is required only when the advocate-witness will be called to testify by a party *other than his own client*. (Plaintiff's Reply Memorandum of Law ("Reply") (Dkt. No. 47) at 3-4) (citing *Lamborn* at 531.)

The issue, then, is whether Plaintiff has demonstrated that Blumetti's testimony is "necessary" to the defense of his client's case.

She has not.

Defendant PCE makes clear that it does not believe Blumetti's testimony is necessary. PCE argues that it will not be calling Blumetti because: (i) Blumetti has no independent knowledge of Plaintiff's employment at PCE or of any of the events described in the allegations; (ii) Plaintiff is free to depose all of the individuals that Blumetti interviewed over the course of his investigation; and (iii) Blumetti was not retained to investigate Plaintiff's sexual assault allegation until after Plaintiff's employment with PCE ended.

Plaintiff responds Blumetti will have to testify about the details of his investigation into Burns' behavior in order to convince the trier of fact that PCE exercised reasonable care, as asserted among its defenses.

I disagree. Plaintiff has not come close to demonstrating that Blumetti's testimony is necessary to PCE's case.

Plainly, Blumetti's investigation has no bearing on whether PCE exercised reasonable care to prevent Burns from assaulting her, because the investigation took place after the assault and so has nothing to do with preventing the incident upon which this lawsuit is based.

And while Plaintiff may be correct that the best and most convincing way for Defendant to prove that it exercised reasonable care would be for Blumetti to get on the witness stand and explain to the jury how he conducted his investigation, she is wrong to insist that it is the only way for Defendant PCE to prove its case. PCE witnesses can testify to the *fact* that the employer initiated an investigation in the incident with Burns, and can also testify to the *fact* that Burns was fired as a result of the investigation. From those two facts, PCE can argue that it exercised reasonable care to correct the harassing behavior. PCE witnesses might even be able to testify about advice they were given by Blumetti (assuming they want to waive the attorney-client privilege), because out-of-court statements that result in a particular course of action are not hearsay to the extent they are admitted to show why an actor did something, provided no issue is raised as to the truth of the statements. *U.S. v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (citing Fed. R. Evid. 801(c) advisory committee's note).

In short, while Blumetti's testimony might be thought desirable by some trial lawyers, it is anything but necessary to Defendant's case. That being so, Plaintiff's motion to disqualify – which is predicated entirely on her argument that PCE will have to call its lawyer as a witness – is denied.

If Plaintiff were to assert that she wanted to call Blumetti on her case, she would have to show both the necessity of the testimony *and* the substantial likelihood of prejudice. *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009); *Sea Trade Mar. Corp. v. Coutsodontis*,

2011 WL 3251500, at *8 (S.D.N.Y. July 25, 2011). Since she has not made any such assertion there is no need for the Court to explore and opine on those issues, but I cannot see, based on what I know, that she would be able to demonstrate either.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to disqualify PCE's counsel is DENIED.

This constitutes the opinion and order of the court. It is a written opinion. The Clerk is directed to close the motion at Docket #38.

Dated: October 5, 2021

_____
U.S.D.J.

BY ECF TO ALL COUNSEL